JS - 6

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT LEE GOODSON,<br><br>               Petitioner,<br><br>    vs.<br><br>M.D. BITER, Warden,<br><br>               Respondent. | CASE NO. ED CV 14-1574 JGB (RZ)<br><br>ORDER SUMMARILY DISMISSING SUCCESSIVE HABEAS PETITION |

       Petitioner Kurt Lee Goodson presents a successive habeas petition that lacks the required Court of Appeals authorization for such a petition. (It is also almost certainly time-barred.) The Court will dismiss the petition summarily for lack of jurisdiction to entertain it.

       Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

       Section 2244 of Title 28, part of the Antiterrorism and Effective Death Penalty Act, requires that the district court dismiss most successive habeas corpus petitions:

  (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

  (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

  (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

     . . .

  In *Felker v. Turpin*, 518 U.S. 651, 656-57, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996), the Supreme Court noted that this statute transferred the screening function for successive petitions from the district court to the court of appeals. This provision has been held to be jurisdictional; the district court cannot entertain a successive petition without prior approval from the Court of Appeals. *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th

1  Cir. 2001). The district court therefore either must dismiss a successive petition for lack
2  of jurisdiction, or it may transfer the action, in the interest of justice, to the court where the
3  action properly could have been brought. 28 U.S.C. § 1631; *Pratt v. United States*, 129
4  F.3d 54, 57 (1st Cir. 1997).

5  Petitioner attacks his 1996 conviction for murder and other crimes. But
6  Petitioner previously challenged that conviction on habeas in this Court in 2002. The
7  Court dismissed the 2002 action with prejudice. *See* docket in *Goodson v. Brown*, No. ED
8  CV 02-0309 NM (RZ) (Judgment filed Oct. 28, 2013). This Court denied a Certificate of
9  Appealability, as did the Court of Appeals (in its case number 03-57069). The Supreme
10 Court denied his petition for *certiorari* (in case number 03-10519) on October 4, 2004.

11 Petitioner's current petition does not enjoy the required Ninth Circuit
12 authorization for successive petitions. No factors appear which make it preferable to
13 transfer this case to the Court of Appeals, rather than dismissing it. Accordingly, IT IS
14 ORDERED that the Petition is dismissed.

DATED: 8/5/2014

JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE